**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| Fallsview at Boonton LLC, | : | Civil No. |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| v. | : | Complaint and Jury Trial Demand |
|  | : |  |
| Boonton Care Center LLC, Usher Egert, | : |  |
| Brian Natanov, and Internal Revenue | : |  |
| Service, | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

Plaintiff Fallsview at Boonton LLC, f/k/a Boonton Care Center ("Fallsview"), by and through its undersigned counsel, hereby brings this Complaint against defendants Boonton Care Center LLC ("Boonton"), Usher Egert ("Egert"), Brian Natanov ("Natanov"), (collectively the "Boonton defendants") and the Internal Revenue Service ("IRS") (collectively "defendants"), and in support avers the following:

**THE PARTIES**

1. Fallsview is a limited liability company with an address of 199 Powerville Road, Boonton, NJ 07005.

2. Boonton is a limited liability company with an address of 1259 East 27th Street, Brooklyn, New York 11210.

3. Egert is an individual who resides at 1259 East 27th Street, Brooklyn, New York 11210.

4. Natanov is an individual who resides at 47 Deepdale Drive, Great Neck, New York 11021.

1

4357982.1

5.     IRS is a governmental agency with an address of 1111 Constitution Avenue, NW, Washington, DC 20224, and an additional service address in care of United States Attorney for the District of New Jersey, 970 Broad Street, 7th Floor, Newark, New Jersey 07102.

## JURISDICTION AND VENUE

6.     Jurisdiction of this Court is based upon 28 U.S.C. §1332 as plaintiff and defendants are citizens of different states and the amount in controversy exceeds $75,000.00.

7.     This Court may maintain personal jurisdiction over defendants because defendants' contacts with this State and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice.

8.     Pursuant to 28 U.S.C. §1391, venue is properly laid in this District because a substantial part of the transactions and issues giving rise to plaintiff's claims occurred in this judicial district.

## STATEMENT OF FACTS

9.     Fallsview and Boonton are both limited liability companies involved in the skilled nursing facility field.

10.    At all relevant times hereto, Egert and Natanov were Partners, Members and/or Employees of Boonton.

11.    Boonton was the licensed operator of the Boonton Care Center, a skilled nursing facility located at 199 Powerville Road, Boonton, NJ 07005 (the "Facility").

12.    On October 8, 2021, Fallsview and Boonton entered into a Skilled Nursing Facility Management Agreement (the "Agreement") relating to management of the Facility.

2

13.   Natanov was the signatory to the Agreement on behalf of Boonton. Natanov was also the individual who signed off on the quarterly amended payroll returns filed on behalf of Boonton as they relate to the operation of the Facility.

14.   The Agreement provided that Fallsview would provide management services for the Facility pursuant to the terms and provisions of the Agreement.

15.   The understanding at the time of the Agreement was that Fallsview would ultimately permanently take over control and management of the Facility.

16.   The Agreement, in Section 7, titled Prorations, provided for the distribution of funds throughout the transition.

17.   Relevant to this action, Section 7 provides that any funds received post-transition relating to the Facility, even if accrued pre-transition, were to be received by Fallsview and applied to the operation of the Facility.

18.   Pursuant to the Agreement and the planned transition of ownership and control, said ownership and control of the Facility was transferred as provided for in the Agreement.

19.   In January 2023, long after the transition occurred, Fallsview was provided with notice at the Facility that a refund from the IRS was owed in the amount of $422,863.20 (the "IRS funds" and the "IRS Notice").

20.   Based on the terms of the Agreement, the IRS funds were owed to Fallsview.

21.   The IRS Notice was addressed to Boonton and Egert and sent to the Facility's address.

22.   The IRS funds were for an Employee Retention Credit (ERC) for the quarterly tax period ending on September 30, 2021.

3

23.    On October 25, 2021, a representative for Fallsview reached out to Natanov to inquire as to whether the amended return had been signed. Natanov responded the same day stating that the amended return had been signed and filed.

24.    On August 4, 2022, Natanov contacted Fallsview to inquire as to if the IRS funds had been received at the facility, and Fallsview confirmed that they had not.

25.    Fallsview contacted the IRS to inquire as to the status of the check when it was not timely received and was advised that the refund check would be mailed.

26.    Pursuant to the instructions provided to it by the IRS, Fallsview filed a Form 3911, Taxpayer Statement Regarding Refund, stating that it still had not received a check and provided the correct mailing and banking information for the IRS funds.

27.    After being advised that the check had still not been received, the IRS advised that it re-issued the check and subsequently advised that the check had been cleared.

28.    Fallsview never received either check for the IRS funds.

29.    Fallsview later learned that the first check was sent to Egert's address in Brooklyn, New York.

30.    Egert advised Fallsview that he did not receive, deposit, or cash either check.

31.    Either Egert received and cashed the check, Natanov received and cashed the check, or the check was not cashed, and the proceeds are being held by the IRS.

32.    Under any of these scenarios, Fallsview has been harmed.

33.    Additionally, Boonton was responsible for filing a second amended quarterly ERC document with the IRS, which would have resulted in additional funds being due and owed to Fallsview under the terms of the Agreement.

4

4357982.1

34.     Fallsview has not received any funds from the Boonton defendants or the IRS for the second quarterly ERC.

35.     Either Boonton did not file the amended return as was required, Egert received and cashed the check, Natanov received and cashed the check, or the check was not cashed, and the proceeds are being held by the IRS.

36.     Under any of these scenarios, Fallsview has been harmed.

### COUNT I – BREACH OF CONTRACT
### (Defendants Boonton Care Center LLC, Usher Egert, Brian Natanov)

37.     The foregoing paragraphs are incorporated at length as if set forth fully herein.

38.     The Agreement is a contract by and between Fallsview, on the one hand, and the Boonton defendants on the other.

39.     Fallsview has performed all of its duties under the Agreement.

40.     To the best of Fallsview's information and belief, the Boonton defendants accepted and retained the IRS funds in breach of the terms of the Agreement.

41.     To the best of Fallsview's information and belief, the Boonton defendants either did not file the second quarterly amended ERC, or accepted and retained these additional funds, in breach of the terms of the Agreement.

42.     As a direct and proximate result of the Boonton defendants' actions, Fallsview has been damaged.

WHEREFORE, plaintiff demands judgment against defendants Boonton, Egert, and Natanov, jointly and severally, for a sum in excess of $400,000.00, statutory interest, and for such other relief as the Court deems equitable and just.

5

## COUNT II – CONVERSION
### (Defendant Internal Revenue Service)

43.     The foregoing paragraphs are incorporated at length as if set forth fully herein.

44.     Pursuant to the terms of the Agreement, the IRS funds and additional funds for the second quarterly ERC are due and owed to Fallsview.

45.     The IRS funds and additional funds should have been sent to the Facility.

46.     Instead, the IRS funds were sent to an unrelated address in Brooklyn, NY.

47.     By sending the IRS funds to an address other than the Facility's address, the IRS has denied Fallsview its right to those funds.

48.     The additional funds were either sent to the wrong address or are otherwise being improperly retained by the IRS.

49.     As a direct and proximate result of the IRS's actions, Fallsview has been damaged.

WHEREFORE, plaintiff demands judgment against defendant IRS for a sum in excess of $400,000.00, statutory interest, and for such other relief as the Court deems equitable and just.

6

4357982.1

SHERMAN, SILVERSTEIN, KOHL,
ROSE & PODOLSKY, P.A.

By:    */s/ Jeffrey P. Resnick*
        Jeffrey P. Resnick, Esquire
        Laura C. Laszewski, Esquire
        308 Harper Drive
        East Gate Corporate Center, Suite 200
        Moorestown, NJ 08057
        Telephone:  (856) 662-0700
        Facsimile:  (856) 661-2080
        E-mail: jresnick@shermansilverstein.com
        E-mail: llaszewski@shermansilverstein.com
        Attorneys for Plaintiff Fallsview at
        Boonton LLC

Dated:   February 26, 2026

7

4357982.1

## JURY TRIAL DEMAND

**PLEASE TAKE NOTICE** that plaintiff Fallsview at Boonton LLC hereby demands a trial by jury as to all issues in the above matter.

SHERMAN, SILVERSTEIN, KOHL,
ROSE & PODOLSKY, P.A.

By:    /s/ Jeffrey P. Resnick
Jeffrey P. Resnick, Esquire
Laura C. Laszewski, Esquire
308 Harper Drive
East Gate Corporate Center, Suite 200
Moorestown, NJ 08057
Telephone:  (856) 662-0700
Facsimile:  (856) 661-2080
E-mail: jresnick@shermansilverstein.com
E-mail: llaszewski@shermansilverstein.com
Attorneys for Plaintiff Fallsview at
Boonton LLC

Dated:  February 26, 2026

8

4357982.1