BEATRIZ T. SAIZ
Trial Attorney
Tax Litigation Branch, Civil Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
(202) 307-6585 (v)
(202) 514-6866 (f)
Beatriz.T.Saiz@usdoj.gov
*Counsel for the United States of America*

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FALLSVIEW AT BOONTON LLC,<br>Plaintiff, | ) |
| | ) Case No. 2:26-CV-02023 |
| v. | ) |
| | ) BRIEF IN SUPPORT OF |
| BOONTON CARE CENTER LLC,<br>USHER EGERT, BRIAN NATANOV,<br>INTERNAL REVENUE SERVICE;<br>Defendants. | ) UNITED STATES'<br>) MOTION TO DISMISS<br>)<br>) |

**INTRODUCTION**

Plaintiff contends that the Internal Revenue Service ("IRS") failed to send Plaintiff a tax refund that was due to another taxpayer – Defendant Boonton – and seeks $400,000 in damages against the IRS. As an initial matter, Plaintiff has named the wrong federal defendant, as the IRS is not a proper party for purposes of this suit. Instead, only the United States may be sued for tax claims.

Nonetheless, Fallsview has failed to demonstrate that this Court has subject-matter jurisdiction over its claims. "Jurisdiction over any suit against the Government requires a clear statement from the United States waiving sovereign immunity, together

with a claim falling within the terms of the waiver." *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003). Because Plaintiff has not alleged a valid waiver of sovereign immunity, the United States is immune from suit and must be dismissed.

**FACTUAL BACKGROUND**

Plaintiff Fallsview is a limited liability corporation involved in the skilled nursing facility field. (Comp. at ¶9.) Plaintiff alleges that on October 8, 2021, Plaintiff and Defendant Boonton entered into an agreement (hereinafter "the Agreement") related to the management of a skilled nursing facility in Boonton, New Jersey (hereinafter "the Facility"). (Comp. at ¶¶11, 12.) Defendant Natanov signed the Agreement on behalf of Defendant Boonton. (Comp. at ¶13.)

According to Plaintiff, the Agreement required Plaintiff to provide management services to the Facility. (Comp. at ¶14.) The Agreement also provided that ownership and control would be transferred to Plaintiff and required that funds received after the transition would be received by Plaintiff even if accrued pre-transition. (Comp. at ¶¶17, 18.)

On October 25, 2021, Plaintiff reached out to Defendant Natanov to inquire whether Defendant Boonton had filed an amended Form 941, Employer's Quarterly Federal Tax Return, for tax period ending September 30, 2021. (Comp. at ¶23.) Natanov confirmed that it had been filed. Defendant Boonton amended the return to seek employee retention credits (ERC) for the third quarter of 2021. (Comp. at ¶¶22, 23.) As a result of the amended return, the IRS informed Defendant Boonton that it was due a refund in the amount of $422,863.20. (Comp. at ¶¶19, 21.)

Plaintiff claims that the IRS should have issued the refund, if it was paid, to Plaintiff and not to the other named defendants, based on the Agreement between Plaintiff and Boonton, to which the IRS was not a party. Plaintiff now seeks damages in excess of $400,000 against the United States for failing to issue it the refund related to Boonton's amended return.

Plaintiff's claim against the United States fails because it cannot point to any applicable waiver of sovereign immunity.

**ARGUMENT**

**A. Standard Under Rule 12(b)(1)**

The standard of review applicable to a Rule 12(b)(1) motion to dismiss for lack of jurisdiction turns upon whether the challenge to jurisdiction is facial or factual. *See Gould Electronics, Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). A "facial attack" questions only the sufficiency of the pleading and requires the district court to accept the allegations of the complaint as true. *See Common Cause of Pennsylvania v. Pennsylvania,* 558 F.3d 249, 257 (3d Cir. 2009). By contrast, a "factual attack" prompts a factual controversy about the existence of jurisdiction which may require the court to go outside the pleadings and consider evidence to decide the issue. *See Gotha v. United States,* 115 F.3d 176, 178-79 (3d Cir. 1997). Regardless of the type of challenge, the party invoking the jurisdiction of a federal court carries the burden of proving its existence. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

Here, the United States is making a facial attack on jurisdiction, challenging the sufficiency of the allegations on the fact of the pleadings. Even accepting Plaintiff's

allegations as true, the Complaint fails to identify any applicable waiver of sovereign immunity. Because sovereign immunity is a prerequisite to suit against the United States, the Court lacks jurisdiction to consider Plaintiff's claim against the United States.

**B. The United States is the Only Proper Party Defendant.**

The United States should be substituted for the Internal Revenue Service as the real party in interest. *See Blackmar v. Guerre*, 342 U.S. 512-514-15 (1952) (providing that a government agency cannot be sued eo nomine absent the express consent of Congress). In tax refund suits and suits for damages related to tax collection, a suit against the United States is the exclusive remedy. *See* 26 U.S.C. § 7422(f)(1) (refund suit "may be maintained only against the United States"); 26 U.S.C. § 7433(a) (suit "against the United States" provides "the exclusive remedy for recovering damages" related to collection of federal taxes); *Coble v. Wilkins*, No. 1:11-cv-211, 2012 WL 665976, at *1 (M.D.N.C. Feb. 29, 2012) (collecting cases); *Holt v. Davidson*, 441 F. Supp.2d 92, 97 (D.D.C. 2006).

Thus, the IRS should be dismissed from this action, and the United States substituted as the proper party.

**C. Plaintiff's Claim Against the United States Should Be Dismissed for Lack of Jurisdiction**

As a sovereign, the United States is immune from suit unless it consents to being sued. *United States v. Mitchell,* 463 U.S. 206, 218 (1983); *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *Gentile v. Sec. & Exch. Comm'n*, 974 F.3d 311, 315 (3d Cir. 2020). The federal government may waive its sovereign immunity, but such waiver must be

"unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996). When the United States consents to suit for a class of cases, the terms of its consent circumscribe the court's jurisdiction to entertain a particular suit. *Id.* at 586-87. Waivers of sovereign immunity must be "strictly construed … in favor of the sovereign," *Lane*, 518 U.S. at 192, and a limited waiver of sovereign immunity may not be "enlarge[d] … beyond what the language requires." *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685 (1983). *See also Irwin v. Dep't of Veteran Affairs*, 498 U.S. 89, 95 (1990). In the absence of explicit statutory consent, the United States is immune from suit; the federal district court lacks jurisdiction in such circumstances; and the claim must be dismissed. *See Kabakjian v. United States*, 267 F.3d 208, 211 (3d Cir. 2001).

Plaintiff's sole basis for invoking the Court's jurisdiction is the diversity of citizenship of the parties, including the United States, under 28 U.S.C. § 1332. "Federal jurisdiction over a suit against … the United States is proper when … federal questions exist" and not under diversity jurisdiction. *General Ry. Signal Co. v. Corcoran*, 921 F.2d 700, 703 (7th Cir. 1991); *see also Anderson v. Dep't of Housing,* No. 23-3114, 2024 WL 2237964, at *1 (3d Cir. May 17, 2024); *Commercial Union Ins. Co. v. United States*, 999 F.2d 581, 584 (D.C. Cir. 1993). This is not an appropriate ground for establishing a waiver of sovereign immunity. The Court therefore lacks jurisdiction over the claim against the United States under 28 U.S.C. § 1332.

Plaintiff has not alleged any other jurisdictional basis or waiver of sovereign immunity for suing the United States. "It is a fundamental principle of sovereign immunity that federal courts do not have jurisdiction over suits against the United

States unless Congress, via a statute, expressly and unequivocally waives the United States' immunity to suit." *United States v. Bein*, 214 F.3d 408, 412 (3d Cir. 2000).

To the extent Fallsview's Complaint is construed as a tax refund suit against the United States, such claim is precluded by sovereign immunity. While a taxpayer who claims it has overpaid its taxes may file a refund suit, Congress prescribed strict limitations on refund jurisdiction. *See* U.S.C. § 7422. The first limitation is that the individual seeking a refund must be the taxpayer. *See Bader v. United States*, 10 Cl. Ct. 78, 79 (1986). "Clearly, one who has not paid a tax cannot maintain a refund action." *Sandrow v. United States*, 832 F. Supp. 918, 920 n.4 (E.D.Pa. 1993).

Here, Plaintiff admits that Defendant Boonton is the taxpayer. (Comp. at ¶¶22, 23.) Boonton filed the amended return which created the refund claim. As a result of the amended return, the IRS informed Defendant Boonton that it was due a refund in the amount of $422,863.20. (Comp. at ¶¶19, 21.) Because Plaintiff is not the taxpayer who paid the taxes, filed the return, and sought the refund, Plaintiff cannot maintain a refund action against the United States. *See Delaune v. United States*, 143 F.3d 995, 1006 (5th Cir. 1998)("[A] refund suit may only be obtained by the taxpayer who made the overpayment.")

## CONCLUSION

Plaintiff has failed to establish that the United States has waived its sovereign immunity with respect to the claims asserted. Accordingly, the United States should be dismissed from this suit for lack of subject matter jurisdiction.

Dated: June 1, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JOSHUA WU
Deputy Assistant Attorney General
Tax Litigation Branch

*/s/ Beatriz T. Saiz*

BEATRIZ T. SAIZ
Trial Attorney
Tax Litigation Branch, Civil Division
U.S. Department of Justice
P.O. Box 227
Washington, DC 20044
Telephone (202) 307-6585
Beatriz.T.Saiz@usdoj.gov