**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Fallsview at Boonton LLC,<br><br>Plaintiff,<br><br>v.<br><br>Boonton Care Center LLC, Usher Egert, Brian Natanov, and Internal Revenue Service,<br><br>Defendants. | Civil No.: 2:26-cv-02023 |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT INTERNAL REVENUE SERVICE'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1)**

## I. INTRODUCTION

Defendant Internal Revenue Service's ("Defendant" or "IRS") Motion to Dismiss ("Motion") is a purely technical motion, and all issues raised can be cured by amendment, if needed. First, if the Court finds that the IRS is correct that the United States is the party that is required to be named in this case, Plaintiff Fallsview at Boonton LLC ("Plaintiff" or "Fallsview") can provide the Court with a stipulation to substitute the United States for the IRS. Second, if the Court finds that the Plaintiff is required and failed to allege a statutory waiver of sovereign immunity, Plaintiff can amend the Complaint to include the specific statutory sections that fit the facts of this case, which are 26 USCA §7422 and 28 USCA §1346(a)(1). In other words, the IRS has made a form over substance Motion when the interests of time, expense and justice warrant moving forward substantively. The IRS' Motion should be denied, or in the alternative, should be granted without prejudice and with leave to amend the Complaint.

## II. FACTUAL BACKGROUND

As stated in the Complaint, Fallsview and Boonton Care Center LLC ("Boonton") are limited liability companies with addresses in New Jersey and New York, respectively, and Usher Egert ("Egert") and Natanov are individuals with addresses in New York.[1] Egert and Natanov are both partners, members, and/or employees of Boonton.[2]

Natanov signed a Skilled Nursing Facility Management Agreement (the "Agreement") as a member of Boonton.[3] The Agreement provides that Fallsview would provide management services for the Facility pursuant to the terms and provisions of the Agreement, with the understanding that Fallsview would permanently take over control and management of the Facility.[4] The Agreement further provides, in relevant part, that any funds received post-transition relating to the facility, even if accrued pre-transition, were to be received by Fallsview and applied to the operation of the facility.[5]

In January 2023, long after the transition occurred, Fallsview was provided with notice from defendant IRS that a refund from the IRS was owed in the amount of $422,863.20 for an Employee Retention Credit (ERC) for the tax period ending on September 20, 2021.[6] The notice was addressed to Boonton and Egert and was sent to the Facility's address.[7] Based on the terms of the Agreement, these funds were owed to Fallsview.[8]

Fallsview contacted the IRS to inquire as to the status of the check when it was not timely received, and was advised that the refund check would be mailed.[9] Pursuant to the instructions

[1] See Plaintiff's Complaint at ¶¶ 1-4.
[2] Id. at ¶ 10.
[3] Id. at ¶¶ 12, 13.
[4] Id. at ¶¶ 14, 15.
[5] Id. at ¶ 17.
[6] Id. at ¶¶ 19, 22.
[7] Id. at ¶21.
[8] Id. at ¶ 20.
[9] Id. at ¶ 25.

provided to it by the IRS, Fallsview filed a Form 3911, Taxpayer Statement Regarding Refund, stating that it still had not received a check and provided the correct mailing and banking information for the IRS funds.[10]

Fallsview later learned that, despite filing the document with the correct address as the IRS requested, the IRS mistakenly sent this first check to Egert's address in Brooklyn, New York.[11] After being told that the check had still not been received, the IRS advised that it re-issued the check and subsequently advised that the check had been cleared.[12] Fallsview never received either check for the IRS funds.[13] Since Fallsview never received the check nor the funds, either Egert received and cashed the check, Natanov received and cashed the check, or the check was not cashed and the proceeds are being improperly held by the IRS.[14]

Additionally, Boonton was responsible for filing a second amended quarterly ERC document with the IRS, which would have resulted in additional funds being due and owed to Fallsview under the terms of the Agreement.[15] Fallsview has not received any funds from the Boonton defendants or the IRS for the second quarterly ERC.[16] Either Boonton did not file the amended return as required, Egert received and cashed the check, Natanov received and cashed the check, or the check was not cashed and the proceeds are being improperly held by the IRS.[17] Based on all of these facts, Plaintiff filed its Complaint alleging Breach of Contract and Conversion claims. The IRS then filed a Motion to Dismiss.

---

[10] Id. at ¶ 26.
[11] Id. at ¶ 26.
[12] Id. at ¶ 27.
[13] Id. at ¶¶ 28.
[14] Id. at ¶ 31.
[15] Id. at ¶ 33.
[16] Id. at ¶ 34.
[17] Id. at ¶ 35.

## III. LEGAL STANDARD AND ARGUMENT

### A. Motion to Dismiss Standard

Rule 12(b)(1) provides that a claim may be dismissed for lack of jurisdiction.[18] A motion to dismiss based on sovereign immunity is properly considered a motion to dismiss based on subject matter jurisdiction.[19] Such a claim can be either factual or facial, and when it is facial, like in a Rule 12(b)(6) motion, all allegations in the complaint must be taken as true.[20] As the IRS does not attack the allegations of the complaint in its Motion and rather bases its argument specifically on the relevant law, this must be treated as a facial attack, and therefore, all allegations must be taken as true.

### B. Plaintiff's Complaint Should Not Be Dismissed Pursuant to FRCP 12(b)(1) as Any Claimed Deficiencies In The Pleading Can be Cured

The IRS first argues that the United States should be substituted for the IRS as a defendant in this case, and Plaintiff has no objection to this if the Court finds it is appropriate.[21]

The IRS next argues that the Complaint should be dismissed due to Plaintiff's failure to specifically allege a basis for a waiver of its sovereign immunity, yet then goes on to discuss the clear federal question that is raised in the Complaint. This alone should show the Court that the IRS is properly on notice of the basis for the Court's jurisdiction. Specifically, 28 USCA §1346 provides that district courts have original jurisdiction over the United States for:

> Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws.[22]

---

[18] See F.R.C.P. 12(b)(1).
[19] Blanciak v. Allegheny Ludlum Corporation, 77 F.3d 690 at fn. 2 (3d Cir. 1996).
[20] Gould Electronics, Inc. v. U.S., 220 F.3d 169, 176 (3d Cir. 2000).
[21] Plaintiff has included this substitution as part of its Proposed Order, filed with this Memorandum of Law.
[22] 28 USCA §1346(a)(1).

The IRS argues that, despite this explicit statutory authority, Fallsview cannot maintain its suit against it because Fallsview is not the taxpayer. However, the United States Supreme Court has allowed non-taxpayers to sue when there are no other options for a remedy.[23] In Williams, the Supreme Court noted that:

> 28 U.S.C. § 1346(a)(1) clearly allows one from whom taxes are erroneously or illegally collected to sue for a refund of those taxes. And 26 U.S.C. § 6402(a), with similar clarity, authorizes the Secretary to pay out a refund to "the person who made the overpayment." The Government's strained reading of § 1346(a)(1), we note, would leave people in Williams' position without a remedy.[24]

Despite this, the IRS argues that "[b]ecause Plaintiff is not the taxpayer who paid the taxes, filed the return, and sought the refund, Plaintiff cannot maintain a refund action against the United States."[25] The facts in the Complaint do not support this claim. It was Fallsview, and not Boonton, who sought the refund by contacting the IRS to discuss the status of the refund and followed the IRS' instructions to submit a Form 3911, Taxpayer Statement Regarding Refund. All Boonton did was file the return that entitled Fallsview to the refund. Thus, dismissal based on subject matter jurisdiction is inappropriate, and the IRS' Motion should be denied.

### C. Alternatively, Plaintiff Should Be Granted Leave To Amend

If the Court is inclined to grant the IRS' Motion, which it should not, then the Motion should be granted without prejudice, and with leave for Plaintiff to amend its Complaint. Plaintiff believes all issues raised by the IRS can be cured, as is discussed in more detail above. If the Court finds that the specific basis for the waiver of sovereign immunity must be

---

[23] See United States v. Williams, 514 U.S. 527 (1995).
[24] Williams, 514 U.S. at 536.
[25] See Defendant's Brief at page 6.

specifically pled, despite the fact that the IRS clearly understands the basis for the Court's jurisdiction based on its Motion, then Plaintiff can amend its Complaint to add those citations.

## IV. CONCLUSION

Based on all of the above, the IRS' Motion should be denied, or, in the alternative, Plaintiff should be granted leave to amend its Complaint.

**SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY**

Dated: June 22, 2026

*/s/ Jeffrey P. Resnick*

Jeffrey P. Resnick, Esquire
Laura C. Laszewski, Esquire
East Gate Corporate Center
308 Harper Drive, Suite 200
Moorestown, NJ 08057
Telephone: (856) 662-0700
Facsimile: (856) 661-2090
Email: jresnick@shermansilverstein.com
Email: llaszewski@sermansilverstein.com
Attorneys for Plaintiff Fallsview At Boonton LLC