UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FALLSVIEW AT BOONTON LLC<br>Plaintiff<br>v.<br>BOONTON CARE CENTER LLC,<br>USHER EGERT,<br>BRIAN NATANOV,<br>INTERNAL REVENUE SERVICE<br>Defendants | 2:26-cv-02023-MEF-MAH<br><br>Return Date: July 6, 2026 (ECF #23)<br><br>**DEFENDANT BRIAN NATANOV'S REPLY BRIEF TO OPPOSITION TO HIS MOTION TO DISMISS** |

Jeffrey Chubak
Amini LLC
131 West 35th Street
12th Floor
New York, NY 10001
(212) 490-4700
jchubak@aminillc.com
Attorneys for Defendant Brian Natanov

# TABLE OF CONTENTS

**Page**


TABLE OF AUTHORITIES .......... ii

ARGUMENT .......... 1

I. THE COMPLAINT DOES NOT ALLEGE A SUFFICIENT FACTUAL BASIS FOR SUBJECT MATTER JURISDICTION .......... 1

II. THE COMPLAINT DOES NOT ALLEGE A VIABLE BREACH OF CONTRACT CLAIM AGAINST NATANOV .......... 3

CONCLUSION .......... 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......................................... 5

*Dorley v. South Fayette Twp. School Dist.*,
129 F. Supp. 3d 220 (W.D. Pa. 2015) .......................................... 5

*Extech Building Materials, Inc. v. E&N Construction Inc.*,
346 A.3d 708 (N.J. 2025) .......................................... 3

*GBForefront, L.P. v. Forefront Management Group, LLC*,
888 F.3d 29 (3d Cir. 2018) .......................................... 2

*Kovach v. Turner Dairy Farms, Inc.*,
929 F. Supp. 2d 477 (W.D. Pa. 2013) .......................................... 5

*Lincoln Benefit Life Co. v. AEI Life, LLC*,
800 F.3d 99 (3d Cir. 2015) .......................................... 2

*Saltiel v. GSI Consultants, Inc.*,
788 A.2d 268 (N.J. 2002) .......................................... 4

*Vosough v. Kierce*,
97 A.3d 1150 (N.J. App. Div. 2014) .......................................... 4

**Statutes and Rules**

28 U.S.C. § 1367 .......................................... 3

Fed. R. Civ. P. 8 .......................................... 5

Fed. R. Civ. P. 12 .......................................... 1

Fed. R. Civ. P. 15 .......................................... 1

Defendant Brian Natanov respectfully submits this reply brief in further support of his motion to dismiss claims the claims of plaintiff Fallsview at Boonton LLC ("Fallsview") against him under both FRCP 12(b)(1) and 12(b)(6).[1]

## ARGUMENT

### I. THE COMPLAINT DOES NOT ALLEGE A SUFFICIENT FACTUAL BASIS FOR SUBJECT MATTER JURISDICTION

Fallsview claims in its opposition memorandum (ECF #24, "Opp. Br.") that its failure to plead a factual basis for the existence of diversity jurisdiction can be cured by amendment. But it has not attempted to amend, nor has it provided the Court with a proposed amended pleading that could be evaluated to see if it would suffice to cure the problem.[2]

Fallsview cannot rely on *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99 (3d Cir. 2015) to excuse its failure here to plead facts that if true would establish complete diversity. That case involved (*id.*at 106-11) the common scenario where a plaintiff has a good-faith belief after reasonable investigation that a *defendant*'s citizenship is consistent with complete diversity, but needs discovery to confirm the

[1] All defined terms are used with the same meanings set forth in Natanov's opening brief in support (ECF #17, "Moving Br.").

[2] Indeed, after receiving and reviewing Natanov's motion papers raising this defect Fallsview had 21 days to amend as of right without needing to seek leave of court. FRCP 15(a)(1)(B). It chose not to do so.

precise factual grounds for that belief where, as here, the defendant is an LLC which has the citizenship of each of its underlying members imputed to it.

But the crucial pleading defect here is not the failure to plead the citizenship of each member of the *defendant* LLC (Boonton). Rather, the *plaintiff* LLC has failed to plead its *own* citizenship, which it cannot possibly require discovery to ascertain. *See GBForefront, L.P. v. Forefront Management Group, LLC*, 888 F.3d 29 at 35 (3d Cir. 2018) (motion to dismiss for lack of diversity jurisdiction was properly granted when plaintiff "failed even to plead its own citizenship"). Fallsview admits (Opp. Br. at 1) that the only supposed jurisdictional "fact" pleaded about itself is that it has an office address in New Jersey (Complaint ¶1), but as an LLC its "principal place of business … [is] *legally irrelevant*" to its citizenship for diversity purposes. *Lincoln Benefit*, 800 F.3d at 105 (emphasis added). *See also GBForefront*, 888 F.3d at 35 ("Alleging residency alone is insufficient to plead diversity of citizenship.").

Fallsview also claims (Opp. Br. at 5, 8-9) that it can amend its complaint to set forth an additional non-diversity jurisdictional basis for its separate claims against the IRS. But it has not attempted to do so yet and offers no explanation for how that could give this Court an alternative ground for jurisdiction over its separate claims against Natanov, which allege breaches by Boonton of a contract to which the IRS was not a party. It is far from obvious that supplemental jurisdiction under

28 U.S.C. § 1367 would extend from a tax-refund claim against the IRS to a breach of contract claim against a private citizen, and Fallsview cites no case that would support such an argument.

## II. THE COMPLAINT DOES NOT ALLEGE A VIABLE BREACH OF CONTRACT CLAIM AGAINST NATANOV

Fallsview does not dispute (Opp. Br. at 2; Moving Br. at 10) that Natanov signed the Agreement (ECF #16-1) only as a representative of Boonton and is not a party to the contract in his personal capacity. *See also Extech Building Materials, Inc. v. E&N Construction Inc.*, 346 A.3d 708 (N.J. 2025) (corporate president who signed contract on behalf of corporation not personally liable on contract without language explicitly indicating intent to be personally bound as guarantor of corporation's obligations). Fallsview instead now claims that Natanov can be personally liable for Boonton's alleged breach because, as a "partner, member, and/or employee of Boonton," he "personally engaged in the acts upon which the claims are based." (Opp. Br. at 6.)

But even if Natanov's personal involvement had been adequately pleaded (which it has not been, as discussed below), Fallsview cites no authority whatsoever that suggests that such alleged involvement could give rise to personal liability for Natanov for an alleged breach of Boonton's contractual obligations. More importantly, Fallsview ignores the controlling decision of the New Jersey Supreme

Court that directly and authoritatively rejects this theory.[3] In *Saltiel v. GSI Consultants, Inc*., 788 A.2d at 268, 272, 275-76 (N.J. 2002) (emphasis added), that court emphasized that, while under the "participation theory" a "corporate officer can be held personally liable for a *tort* committed by the corporation when he or she is sufficiently involved in the commission of the *tort*," when "the breach of the corporation's duty to the plaintiff is determined to be governed by *contract* rather than tort principles, the participation theory of tort liability is inapplicable." Because the court determined that the claims in question sounded in contract rather than tort, plaintiff could not thus recover against the individual defendants. *Id*. at 318. *See also Vosough v. Kierce*, 97 A.3d 1150 at 1159 (N.J. App. Div. 2014) (applying *Saltiel* to hold that "[b]ecause plaintiffs' ICAs were contracts with the hospital and not with its individual executives and managers," such individuals "could not be held personally liable to plaintiffs for their actions that constituted alleged breach of the ICAs"). This controlling authority requires dismissal of the contract claim against Natanov with prejudice, because (just as with Natanov not being a party to the Agreement) no conceivable amendment could fix this fatal flaw.

Separately, Fallsview claims that its inconsistent and contradictory theories, in which it refuses to take any firm position as to what Natanov did or did not do

[3] New Jersey law governs the contract claim (Moving Br. at 3) and Fallsview has not argued otherwise.

(Opp. Br. at 8), are simply "pleading in the alternative" as permitted by FRCP 8(d)(3). But it again fails to cite a single case finding a pleading as self-contradictory as this one permissible under the "plausibility" standard of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Other district courts in this Circuit applying FRCP 8(d)(3) in light of *Iqbal* have held that the "ability to plead alternatively is not limitless," and is not acceptable "where one factual assertion negates an essential element of a contrary assertion … absent sufficient explanation." *Dorley v. South Fayette Twp. School Dist*., 129 F. Supp. 3d 220 at 236 (W.D. Pa. 2015) (dismissing relevant claim as lacking minimum level of required plausibility). This is because contradictory factual allegations about what might have happened mean that one theory's "truth may so significantly undermine the other so as to render at least one theme (if not both) *implausible*." *Id*. at 237 (emphasis added). *See also Kovach v. Turner Dairy Farms, Inc*., 929 F. Supp. 2d 477 at 501 (W.D. Pa. 2013) (dismissing complaint for failure to meet plausibility standard when contradictory factual claims "would require the existence of two alternative universes").

That is exactly what Fallsview's pleading here does. It alleges that "Either Egert received and cashed the check, Natanov received and cashed the check, or the check was not cashed and the proceeds are being held by the IRS," three different mutually-inconsistent possibilities. (Complaint ¶31.) It then separately alleges (as to a second payment allegedly due to Fallsview) that "Either Boonton did not file

the amended return as was required, Egert received and cashed the check, Natanov received and cashed the check, or the check was not cashed, and the proceeds are being held by the IRS," four different mutually-inconsistent possibilities. (Complaint ¶35.) These allegations thus require not merely "two alternative universes" but three or four, respectively, and each of the various scenarios proposed "negates a contrary assertion": the truth of any one of three (or four) possibilities would mean the other two (or three) are false. Accordingly, the facts alleged cannot give rise to any "plausible" claim against Natanov and would require dismissal even if Natanov depositing a tax refund check from the IRS to Boonton could have made him personally liable for Boonton's alleged failure to pay the proceeds to Fallsview, which it could not.[4]

---

[4] Indeed, the Complaint does not even plead a "plausible" claim against Boonton itself (even assuming it had a contractual obligation to pay over to Fallsview the proceeds of any tax refund it received, which is far from clear under the actual language of the Agreement), because the complaint impermissibly alleges "two alternative universes": one in which the IRS still has the money because the check(s) were never cashed and the other in which the IRS no longer has the money because the check(s) were cashed.

Separately, Fallsview insinuates (Opp. Br. at 6) that *if* Boonton failed to file an amended return with respect to the second refund Fallsview claims to be entitled to, that omission was somehow Natanov's fault. But nothing in the Agreement (even if it would require such a filing by Boonton) requires such a filing to be done by Natanov individually rather than some other Boonton representative, and if Natanov was no longer affiliated with Boonton or otherwise unavailable that would not have excused Boonton from compliance with its alleged contractual obligation.

**CONCLUSION**

For the foregoing reasons as well as those in Natanov's original moving papers, the motion should be granted and the Complaint dismissed as against him with prejudice.

Dated: New York, NY
June 29, 2026

Amini LLC

/s/ Jeffrey Chubak
Jeffrey Chubak
131 West 35th Street
12th Floor
New York, NY 1001
(212) 490-4700
jchubak@aminillc.com
Attorneys for Defendant Brian Natanov