**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Fallsview at Boonton LLC,<br><br>Plaintiff,<br><br>v.<br><br>Boonton Care Center LLC, Usher Egert, Brian Natanov, and Internal Revenue Service,<br><br>Defendants. | Civil No.: 2:26-cv-02023<br><br>**PROPOSED JOINT DISCOVERY PLAN** |

**1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.**

a. Lead counsel for Plaintiff:
Jeffrey P. Resnick, Esq.
Sherman, Silverstein, Kohl, Rose & Podolsky, P.A.
308 Harper Drive, Suite 200
Moorestown, NJ 08057
Telephone: (856) 662-0700
Facsimile: (856) 661-2090
Email: jresnick@shermansilverstein.com

b. Lead counsel for Defendant(s):
Jeffrey Chubak, Esq. (for defendant Brian Natanov, "Natanov")
Amini LLC
131 West 35th Street, 12th Floor
New York, NY 10001
Telephone: (212) 490-4700
Email: jchubak@aminillc.com

Beatriz T. Saiz, Esq. (For defendant United States, "US", improperly sued as Internal Revenue Service)
U.S. Department of Justice
Civil Division, Tax Litigation Branch
P.O. Box 227
Washington, DC 20044
Telephone: 202-307-6585
Email: Beatriz.T.Saiz@usdoj.gov

**2. Set forth a brief description of the case, including the causes of action and defenses asserted.**

This is a breach of contract action to recover employee retention tax credits (ERTC) from defendants Boonton Care Center LLC, Usher Egert and Brian Natanov. Boonton had operated a skilled nursing facility that was sold to plaintiff during its assignment for the benefit of creditors proceeding (MRS-P-0798-2022), and has not appeared herein. This action was discontinued as against Mr. Egert. (ECF #26.) Mr. Natanov moved to dismiss (ECF #15) for failure to plead diversity as between the plaintiff and defendant LLCs, and failure to state a plausible claim for relief in that he is not a party to the contract on which the claim is based, and the complaint alleges only that either he received the subject ERTC funds, or Mr. Egert received such funds or Boonton Care Center LLC did, not that Mr. Natanov actually received/kept the subject funds. (ECF #17, #28). That motion is opposed for the reasons set forth in Fallsview's responsive filing. (ECF #24.)

The complaint also asserts a conversion claim against the IRS, based on allegations ERTC checks were sent to Mr. Egert's address in Brooklyn instead of the facility. The United States of America on behalf of the IRS has also moved to dismiss (ECF #20, #20-1) for lack of subject matter jurisdiction. That motion is also opposed for the reasons set forth in Fallsview's responsive filing. (ECF #25.)

**3. Have settlement discussions taken place?** No.

(a) What was Plaintiff's last demand?

(1) Monetary demand: n/a
(2) Non-monetary demand: n/a

(b) What was Defendant's last offer?

(1) Monetary offer: n/a
(2) Non-monetary offer: n/a

**4. The parties <u>have</u> conferred pursuant to Fed. R. Civ. P. 26(f).**

**5. The parties <u>have not exchanged</u> the information required by Fed. R. Civ. P. 26(a)(1).**

**6. Explain any problems in connection with completing the disclosures required by Fed R. Civ. P. 26(a)(1).**

Defendants' position is that discovery should be stayed pending the outcome of the Motions to Dismiss that have been filed, which Plaintiff opposes. Initial Disclosures are due on October 13, 2026.

**7. The parties <u>have not</u> filed disclosures of third-party litigation funding.**

**8. The parties <u>have not</u> conducted discovery other than the above disclosures.**

**9. Proposed joint discovery plan:**

**(a) Discovery is needed on the following subjects**: (1) Plaintiff's allegations regarding his claims; (2) the damages sought by Plaintiff; (3) Defendants' affirmative defenses as set forth in the Answers and any other defenses that may become applicable during discovery; (4) all other issues raised by the pleadings; (5) any expert disclosures; (6) all other matters that will reasonably lead to discovery of admissible evidence.

**(b) Discovery <u>should not be</u> conducted in phases or be limited to particular issues. Explain**.

**(c) Proposed schedule:**

(1) Fed. R. Civ. P. 26 Disclosures: **<u>No later than October 13, 2026</u>**

(2) E-Discovery conference pursuant to L. Civ. R. 26.1(d): by **<u>Completed</u>.**

(3) Service of initial written discovery by **<u>November 1, 2026.</u>**

(4) Maximum of **<u>25</u>** Interrogatories by each party to each other party, including sub-parts.

(5) Maximum of **<u>15</u>** Requests for Admissions by each party to each other party, including sub-parts.

(6) Maximum of **<u>25</u>** Requests for Production of Documents by each party to each other party, including sub-parts.

(7) Maximum of **<u>5</u>** depositions to be taken by each party.

(8) Motions to amend or to add parties to be filed by **<u>December 1, 2026.</u>**

(9) Factual discovery to be completed by **<u>February 1, 2027.</u>**

(8) Plaintiff's expert report due on **<u>March 3, 2027.</u>**

(9) Defendants' expert report due on **<u>April 2, 2027.</u>**

(10) Expert depositions to be completed by **<u>May 3, 2027.</u>**

(11) Dispositive motions to be served within **<u>45</u>** days of completion of discovery.

**(d)** **Set forth any special discovery mechanism or procedure requested**.

None, currently.

**(e)** A pretrial conference may take place in **TBD.**

**(f)** Trial date: **TBD**.

**10. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)?**

The Parties may consider videotaping the depositions and/or hold any deposition via Zoom (or other such video conferencing platform). The parties agree to work together to address any further issues of this nature as they arise.

**11. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?**

No.

**If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.**

Electronic mail and other electronic documents to be printed and produced in hard copy or as .pdf documents transmitted electronically or on disc, to the extent any such documents can more economically be produced in such manner. Any information from the IRS' database relating to the ERC payments at issue shall be produced as the IRS customarily does. Each side shall bear the costs of their own production.

**12. Do you anticipate entry of a Discovery Confidentiality Order? *See* L. Civ. R. 5.3(b) and Appendix S.**

Not currently. If the issue arises, the parties agree to work together in bringing a proposed Discovery Confidentiality Order before the Court.

**13. Do you anticipate any discovery problem(s) not listed above?**

Defendants believe a discovery stay is warranted pending determination of the FRCP 12 motions, and that the factors considered in Charter Oak Fire Insurance Company v. Arch Insurance Company 2026 WL 1259124 (D. N.J. May 7, 2026) weigh in favor of a stay: a stay would not be "unduly prejudic[ial] or pose a serious tactical disadvantage to the non-moving party", with temporary delay alone not qualifying as such; proceeding with discovery would present hardship to Mr. Natanov, an individual defendant with a dispositive motion pending; a

stay would simplify the issues and trial of this matter; and no trial date has been set. Plaintiff opposes a discovery stay.

14. **State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).**

The parties do not believe that the case is appropriate for voluntary arbitration and believe mediation prior to determination of the pending motions is premature.

15. **Is this case appropriate for bifurcation?** No.

16. **An interim status/settlement conference should be held in TBD.**

17. **The Parties do not consent to the trial being conducted by a Magistrate Judge.**

18. **Identify any other issues to address at the Rule 16 Scheduling Conference.**

None other than the previously mentioned defendant request for a discovery stay.

**SHERMAN, SILVERSTEIN, KOHL, ROSE, & PODOLSKY, P.A.**

***/s/Jeffrey P. Resnick***
**Jeffrey P. Resnick, Esquire**
**308 Harper Drive, Suite 200**
**Moorestown, NJ 08057**
**Telephone: (856) 662-0700**
**Facsimile: (856) 661-2090**
**Email: jresnick@shermansilverstein.com**
**Attorneys for Plaintiff Fallsview At Boonton LLC**

**AMINI LLC**

***/s/ Jeffrey Chubak***
**Jeffrey Chubak, Esquire**
**131 West 35th Street**
**12th Floor**
**New York, NY 10001**
**Telephone: (212) 490-4700**
**Email: jchubak@aminillc.com**
**Attorney for Defendant Brian Natanov**

**U.S. DEPARTMENT OF JUSTICE, CIVIL DIVISION, TAX LITIGATION BRANCH**

***/s/ Beatriz Saiz***
**Beatriz T. Saiz, Esquire**
**P.O. Box 227**
**Washington, DC 20044**
**Telephone: 202-307-6585**
**Email: Beatriz.T.Saiz@usdoj.gov**
**Attorney for Defendant United States of America, improperly sued as Internal Revenue Service**