**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| Fallsview at Boonton LLC,<br><br>Plaintiff,<br><br>v.<br><br>Boonton Care Center LLC, Usher Egert, Brian Natanov, and United States of America,<br><br>Defendant. | : | Civil No. 2:26-cv-02023<br><br><br><br>Amended Complaint and<br>Jury Trial Demand |

Plaintiff Fallsview at Boonton LLC, f/k/a Boonton Care Center ("Fallsview"), by and through its undersigned counsel, hereby brings this Amended Complaint against defendants Boonton Care Center LLC ("Boonton"), Usher Egert ("Egert"),[1] Brian Natanov ("Natanov"), (collectively the "Boonton defendants") and the United States of America ("United States") (collectively "defendants") pursuant to the Court's October 26, 2026 Text Order granting the motion of the United States at ECF 20 and permitting Plaintiff to amend to address the issues raised in that motion, including by adding a new party.

Consistent with that Order, the amendments herein are limited to (a) substituting the United States of America for the Internal Revenue Service ("IRS") as the proper federal defendant, and (b) pleading the basis for this Court's subject-matter jurisdiction over the claim against the United States and the statutory waiver of sovereign immunity on which that claim rests, and plaintiff avers the following in support thereof:

[1] Egert was dismissed without prejudice on June 24, 2026. Since this Amended Complaint addresses only the claims against the United States of America, through the Internal Revenue Service, pursuant to the Court's Order, all other parties and claims have been kept the same as in the original Complaint for this filing. For clarity, Egert remains dismissed without prejudice in this case.

**THE PARTIES**

1. Fallsview is a limited liability company with an address of 199 Powerville Road, Boonton, NJ 07005.

2. Boonton is a limited liability company with an address of 1259 East 27th Street, Brooklyn, New York 11210.

3. Egert is an individual who resides at 1259 East 27th Street, Brooklyn, New York 11210.

4. Natanov is an individual who resides at 47 Deepdale Drive, Great Neck, New York 11021.

5. The United States of America is named as a defendant in place of the IRS, which was a defendant in the original Complaint. The IRS is an agency of the United States within the Department of the Treasury and cannot be sued in its own name; under 26 U.S.C. § 7422(f)(1), a suit for the recovery of an internal revenue tax or of any sum alleged to have been excessive or in any manner wrongfully collected may be maintained only against the United States.

6. The IRS's address is 1111 Constitution Avenue, NW, Washington, DC 20224, and any references in this Amended Complaint to acts or omissions of the IRS are also references to acts or omissions of the United States through the IRS.

**JURISDICTION, WAIVER OF SOVEREIGN IMMUNITY, AND VENUE**

7. Jurisdiction of this Court for Count I is based upon 28 U.S.C. §1332 as plaintiff and defendants are citizens of different states and the amount in controversy exceeds $75,000.00.

8. Jurisdiction of this Court over Count II against the United States is based upon 28 U.S.C. § 1346(a)(1authority,grants the district courts original jurisdiction over "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been

erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws."

9. Jurisdiction is further conferred by 28 U.S.C. § 1331, as Count II arises under the laws of the United States, including 26 U.S.C. §§ 6402 and 7422, which provide for the process for credits or refunds relating to internal revenue, including civil action, and by 28 U.S.C. § 1340, which grants the district courts original jurisdiction over any civil action arising under any Act of Congress providing for internal revenue.

10. This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over all claims in this action, because the claims against the Boonton defendants and the claim against the United States arise from the same refund and form part of the same case or controversy.

11. The United States has expressly and unequivocally waived its sovereign immunity as to Count II through 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422, which together authorize a civil action against the United States for the recovery of any internal revenue tax erroneously or illegally assessed or collected, or of any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws, and which designate the United States as the sole proper defendant in such an action. 26 U.S.C. § 7422(f)(1).

12. Count II seeks recovery of the overpayment of federal employment tax for the quarterly period ending September 30, 2021, arising from the Employee Retention Credit claimed on the amended Form 941, Employer's Quarterly Federal Tax Return, for that period (the "Third Quarter 2021 Refund"), together with the overpayment arising from the second amended quarterly ERC filing described below, and the statutory interest owed thereon under 26 U.S.C. § 6611. The United States, through the IRS, determined that the Third Quarter 2021

Refund of $422,863.20 was owed, but that sum has not been paid to the person entitled to it and remains in, or was disbursed from, the Treasury of the United States without being paid to that person.

13. The prerequisites to suit under 26 U.S.C. § 7422(a) have been satisfied. A claim for refund of the Third Quarter 2021 overpayment was duly filed with the IRS by means of the amended Form 941 for the quarter ending September 30, 2021, which the IRS accepted, processed, and allowed by issuing the IRS Notice described below. Thereafter, as alleged below, Fallsview itself pursued the refund with the IRS, including by filing a Form 3911, Taxpayer Statement Regarding Refund, at the IRS's instruction, and providing the correct mailing and banking information for the refund. More than six months have elapsed since the filing of the refund claim, and this action has been brought within the time permitted by 26 U.S.C. § 6532(a).

14. Fallsview is a proper plaintiff to maintain this action. It was Fallsview, not Boonton, that sought the refund from the IRS, communicated with the IRS concerning the refund, and, at the IRS's direction, submitted the Form 3911 identifying the correct payee information. Under the Agreement described below, Fallsview was entitled to the ERC funds at issue in this action. Fallsview is therefore the party from whom the refund has been wrongfully withheld and, absent a remedy under 28 U.S.C. § 1346(a)(1), would be left without any remedy for the United States' failure to pay the refund to the person entitled to it.

15. This Court may maintain personal jurisdiction over the Boonton defendants because their contacts with this State and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice.

16. Pursuant to 28 U.S.C. §1391, venue is properly laid in this District because a substantial part of the transactions and issues giving rise to plaintiff’s claims occurred in this

judicial district. Venue is also proper in this District under 28 U.S.C. § 1402(a)(2), because Fallsview's principal place of business is in this District, at 199 Powerville Road, Boonton, New Jersey.

## STATEMENT OF FACTS

17. Fallsview and Boonton are both limited liability companies involved in the skilled nursing facility field.

18. At all relevant times hereto, Egert and Natanov were Partners, Members and/or Employees of Boonton.

19. Boonton was the licensed operator of the Boonton Care Center, a skilled nursing facility located at 199 Powerville Road, Boonton, NJ 07005 (the "Facility").

20. On October 8, 2021, Fallsview and Boonton entered into a Skilled Nursing Facility Management Agreement (the "Agreement") relating to management of the Facility.

21. Natanov was the signatory to the Agreement on behalf of Boonton. Natanov was also the individual who signed off on the quarterly amended payroll returns filed on behalf of Boonton as they relate to the operation of the Facility.

22. The Agreement provided that Fallsview would provide management services for the Facility pursuant to the terms and provisions of the Agreement.

23. The understanding at the time of the Agreement was that Fallsview would ultimately permanently take over control and management of the Facility.

24. The Agreement, in Section 7, titled Prorations, provided for the distribution of funds throughout the transition.

25. Relevant to this action, Section 7 provides that any funds received post-transition relating to the Facility, even if accrued pre-transition, were to be received by Fallsview and applied to the operation of the Facility.

26. Pursuant to the Agreement and the planned transition of ownership and control, said ownership and control of the Facility was transferred as provided for in the Agreement.

27. In January 2023, long after the transition occurred, Fallsview was provided with notice at the Facility that a refund from the IRS was owed in the amount of $422,863.20 (the "IRS funds" and the "IRS Notice").

28. Based on the terms of the Agreement, the IRS funds were owed to Fallsview.

29. The IRS Notice was addressed to Boonton and Egert and sent to the Facility's address.

30. The IRS funds were for an Employee Retention Credit (ERC) for the quarterly tax period ending on September 30, 2021.

31. On October 25, 2021, a representative for Fallsview reached out to Natanov to inquire as to whether the amended return had been signed. Natanov responded the same day stating that the amended return had been signed and filed.

32. On August 4, 2022, Natanov contacted Fallsview to inquire as to if the IRS funds had been received at the facility, and Fallsview confirmed that they had not.

33. Fallsview contacted the IRS to inquire as to the status of the check when it was not timely received and was advised that the refund check would be mailed.

34. Pursuant to the instructions provided to it by the IRS, Fallsview filed a Form 3911, Taxpayer Statement Regarding Refund, stating that it still had not received a check and provided the correct mailing and banking information for the IRS funds.

35. After being advised that the check had still not been received, the IRS advised that it re-issued the check and subsequently advised that the check had been cleared.

36. Fallsview never received either check for the IRS funds.

37. Fallsview later learned that the first check was sent to Egert's address in Brooklyn, New York.

38. Egert advised Fallsview that he did not receive, deposit, or cash either check.

39. Either Egert received and cashed the check, Natanov received and cashed the check, or the check was not cashed, and the proceeds are being held by the IRS.

40. Under any of these scenarios, Fallsview has been harmed.

41. Additionally, Boonton was responsible for filing a second amended quarterly ERC document with the IRS, which would have resulted in additional funds being due and owed to Fallsview under the terms of the Agreement.

42. Fallsview has not received any funds from the Boonton defendants or the IRS for the second quarterly ERC.

43. Either Boonton did not file the amended return as was required, Egert received and cashed the check, Natanov received and cashed the check, or the check was not cashed, and the proceeds are being held by the IRS.

44. Under any of these scenarios, Fallsview has been harmed.

**COUNT I – BREACH OF CONTRACT**
**(Defendants Boonton Care Center LLC, Usher Egert, Brian Natanov)**

45. The foregoing paragraphs are incorporated at length as if set forth fully herein.

46. The Agreement is a contract by and between Fallsview, on the one hand, and the Boonton defendants on the other.

47. Fallsview has performed all of its duties under the Agreement.

48. To the best of Fallsview's information and belief, the Boonton defendants accepted and retained the IRS funds in breach of the terms of the Agreement.

49. To the best of Fallsview's information and belief, the Boonton defendants either did not file the second quarterly amended ERC, or accepted and retained these additional funds, in breach of the terms of the Agreement.

50. As a direct and proximate result of the Boonton defendants' actions, Fallsview has been damaged.

WHEREFORE, plaintiff demands judgment against defendants Boonton, Egert, and Natanov, jointly and severally, for a sum in excess of $400,000.00, statutory interest, and for such other relief as the Court deems equitable and just.

**COUNT II – CONVERSION AND RECOVERY OF SUMS WRONGFULLY WITHHELD UNDER THE INTERNAL REVENUE LAWS (28 U.S.C. § 1346(a)(1); 26 U.S.C. § 7422) (Defendant United States of America)**

51. The foregoing paragraphs are incorporated at length as if set forth fully herein.

52. Pursuant to the terms of the Agreement, the IRS funds and additional funds for the second quarterly ERC are due and owed to Fallsview.

53. The IRS funds and additional funds should have been sent to the Facility, as reflected in the IRS Notice and in the mailing and banking information Fallsview provided to the IRS on the Form 3911.

54. Instead, the IRS funds were sent to an unrelated address in Brooklyn, NY.

55. By sending the IRS funds to an address other than the Facility's address, the United States, through the IRS, has denied Fallsview its right to those funds.

56. The additional funds were either sent to the wrong address or are otherwise being improperly retained by the United States.

57. The United States has not paid the IRS funds or the additional funds to Fallsview, the person entitled to them, and those sums constitute internal revenue taxes erroneously collected, or sums excessive or in any manner wrongfully collected under the internal-revenue laws, which the United States is obligated to refund under 26 U.S.C. § 6402(a) and which Fallsview may recover in this action under 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422.

58. To the extent the United States contends that the refund check or checks were paid and negotiated, any such payment was not made to Fallsview or to an authorized payee at the Facility's address, did not discharge the United States' obligation to refund the overpayment to the person entitled to it, and does not bar recovery in this action.

59. As a direct and proximate result of the United States' actions, Fallsview has been damaged.

WHEREFORE, plaintiff demands judgment against defendant United States for a sum in excess of $400,000.00, together with the additional overpayment due for the second quarterly ERC in an amount to be proven at trial, overpayment interest as allowed by law, including under 26 U.S.C. § 6611, and costs as permitted by 28 U.S.C. § 2412,and for such other relief as the Court deems equitable and just.

SHERMAN, SILVERSTEIN, KOHL,
ROSE & PODOLSKY, P.A.

By: */s/ Jeffrey P. Resnick*
Jeffrey P. Resnick, Esquire
Laura C. Laszewski, Esquire
6000 Midlantic Drive, Suite 300 South
Mount Laurel, NJ 08054
Telephone: (856) 662-0700
Facsimile: (856) 661-2080
E-mail: jresnick@shermansilverstein.com
E-mail: llaszewski@shermansilverstein.com
Attorneys for Plaintiff Fallsview at
Boonton LLC

Dated: November 3, 2026

## JURY TRIAL DEMAND

**PLEASE TAKE NOTICE** that plaintiff Fallsview at Boonton LLC hereby demands a trial by jury as to all issues in the above matter.

SHERMAN, SILVERSTEIN, KOHL,
ROSE & PODOLSKY, P.A.

By: */s/ Jeffrey P. Resnick*
Jeffrey P. Resnick, Esquire
Laura C. Laszewski, Esquire
6000 Midlantic Drive, Suite 300 South
Mount Laurel, NJ 08054
Telephone: (856) 662-0700
Facsimile: (856) 661-2080
E-mail: jresnick@shermansilverstein.com
E-mail: llaszewski@shermansilverstein.com
Attorneys for Plaintiff Fallsview at
Boonton LLC

Dated: November 3, 2026