UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FALLSVIEW AT BOONTON LLC<br>Plaintiff<br>v.<br>BOONTON CARE CENTER LLC,<br>USHER EGERT,<br>BRIAN NATANOV,<br>INTERNAL REVENUE SERVICE<br>Defendants | 2:26-cv-02023-MEF-MAH<br><br>Return Date: December 7, 2026 |

**SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANT BRIAN NATANOV'S MOTION TO DISMISS AMENDED COMPLAINT**

Jeffrey Chubak
Amini LLC
131 West 35th Street
12th Floor
New York, NY 10001
(212) 490-4700
jchubak@aminillc.com
Attorneys for Defendant Brian Natanov

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ackerman v. U.S. Dep't of Agriculture*,
2018 WL 1858165 (E.D. Mich. Apr. 18, 2018) .......... 2

*Cheltenham Supply Corp. v. Consolidated Rail Corp.*,
541 F. Supp. 1103 (E.D. Pa. 1982) .......... 2

*HB General Corp. v. Manchester Partners, L.P.*,
95 F.3d 1185 (3d Cir. 1996) .......... 1

*Sinclair v. Soniform, Inc.*,
935 F.2d 599 (3d Cir. 1991) .......... 1

*United Mine Workers v. Gibbs*,
383 U.S. 715 (1966) .......... 1

*Wilson v. Somerset Co. Prosecutors Office*,
2016 WL 1090811 (D. N.J. Mar. 21, 2016) .......... 1

**Statues and Rules**

28 U.S.C. § 1367 .......... 1

The prior briefing (ECF #17, #28) explained why plaintiff ("Fallsview") has failed to plead any factual basis for the existence of diversity jurisdiction.[1]

The Amended Complaint (ECF #34, "Am. Cplt.") makes no attempt to cure this defect. However, in addition to explicitly alleging that this Court has federal-question jurisdiction over its purported refund claims (id. ¶¶8-9), Fallsview now alleges (id. ¶10) for the first time that this Court can exercise supplemental jurisdiction over Fallsview's claims against the non-federal defendants, including Natanov, pursuant to 28 U.S.C. § 1367.

If true, this might make the previously-briefed absence of diversity jurisdiction irrelevant, subject to this Court's discretion to decline to exercise supplemental jurisdiction as provided in 28 U.S.C. § 1367(c).[2] But it is not true. Additional claims (including against additional parties) are included within the federal courts' supplemental jurisdiction "if they share significant factual elements." *HB General Corp. v. Manchester Partners, L.P.*, 95 F.3d 1185, 1198 (3d Cir. 1996). The classic formulation is that they "'derive from a common nucleus of operative fact.'" *Sinclair v. Soniform, Inc.*, 935 F.2d 599, 603 (3d Cir. 1991) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)). Accordingly, in *HB General* the district court's original jurisdiction provided supplemental jurisdiction over counterclaims that had no other basis for federal jurisdiction because "[b]oth the defense and the counterclaims required proof" of three identical disputed issues of fact or contract interpretation. 95 F.3d at 1198.

---

[1] This briefing on the motion to dismiss the initial complaint may be "transferred" to this motion insofar as "the same issues are presented in the original and amended complaint." *Wilson v. Somerset Co. Prosecutors Office*, 2016 WL 1090811, at *4 (D. N.J. Mar. 21, 2016). Here, the amended complaint (at 1) states "the amendments herein are limited to" "only the claims against the United States of America … all other parties and claims have been kept the same as in the original complaint." A blackline comparison of the two complaints is attached as Exhibit 1.

[2] This would also require there to actually be federal-question jurisdiction over the claims against the Government, which we understand the Government disputes.

But no such "common nucleus" is present here, because the facts alleged regarding the claims against Natanov are explicitly inconsistent with, and pleaded in the alternative to, its claims against the Government. Am. Cplt. ¶39 ("Either Egert received and cashed the check, Natanov received and cashed the check, or the check was not cashed, and the proceeds are being held by the IRS."). There is no logically possible set of facts under which the Government and Natanov are both liable to Fallsview. Not only is this a pleading problem in and of itself (as previously briefed), it destroys any basis for supplemental jurisdiction. This case is substantially identical to *Cheltenham Supply Corp. v. Consolidated Rail Corp.*, 541 F. Supp. 1103 (E.D. Pa. 1982). In that case, the plaintiff brought a federal-law claim against Conrail and claimed supplemental jurisdiction over a state-law claim against a privately-owned warehouse. The court rejected that jurisdictional theory, because, among other things, the two claims against the different defendants were mutually inconsistent as to the facts they would require to be established, and thus did not derive from a common nucleus of operative fact. 541 F. Supp. at 1108 ("plaintiff's theory, as pled, is either that Conrail lost the goods in transit to defendants Artwalt and Glenwood, or that those defendants were negligent following receipt of the goods. Under the particular facts of this case, plaintiff cannot simultaneously prevail on both theories of liability."). That is exactly the same as claims here, where one theory requires the check from the IRS never to have been cashed while the other requires the very same check to have been cashed by Natanov.[3]

That case, like this one, is the polar opposite of a case like *Ackerman v. U.S. Dep't of Agriculture*, 2018 WL 1858165, *7 (E.D. Mich. Apr. 18, 2018), where federal-question

[3] Fallsview now also alleged an alternative theory (Am. Cplt. ¶58) in which the Government may be liable to it for allegedly sending the original check to the wrong address, even if that check was cashed. But to the extent that theory has any merit, it would necessarily preclude Fallsview from any recovery against whoever else might have cashed the check, since Fallsview cannot be entitled to a windfall double recovery.

jurisdiction over claims against government agencies gave rise to supplemental jurisdiction over the so-called Insurance Defendants precisely because "Plaintiffs can prevail against the Insurance Defendants only if they prevail against the Federal Defendants." Here, Fallsview can only prevail against Natanov if it does not prevail, on the merits (and jurisdictional issues aside), against the Government.

Accordingly, supplemental jurisdiction is not available for Fallsview's claims against Natanov, and the failure to plead a factual basis for diversity jurisdiction is fatal.

Dated: New York, NY
November 12, 2026

Amini LLC

/s/ Jeffrey Chubak
Jeffrey Chubak
131 West 35th Street
12th Floor
New York, NY 1001
(212) 490-4700
jchubak@aminillc.com
Attorneys for Defendant Brian Natanov